UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LISA RIBIS,

Plaintiff,

v. 1:24-cv-00894 (AMN/PJE)

CITY OF SARATOGA SPRINGS, DILLON MORAN, and STACY CONNORS,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**COOPER ERVING & SAVAGE LLP** **PHILLIP G. STECK, ESQ.**
20 Corporate Woods Boulevard – Suite 501
Albany, New York 12211
*Attorney for Plaintiff*

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP** **ELIZA M. SCHEIBEL, ESQ.** **JOHN M. FLANNERY, ESQ.**
1133 Westchester Avenue
White Plains, New York 10604

**SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP** **EMMA L. SEMERAD, ESQ.**
444 Madison Avenue
New York, New York 10022
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Lisa Ribis brought this action against the City of Saratoga Springs, Commissioner Dillon Moran, and Deputy Commissioner Stacy Connors (collectively, "Defendants"), asserting, among other things, violations of her First Amendment rights. Dkt. No. 2 ("Complaint"). On April 4, 2025, Plaintiff died, but Plaintiff's counsel has not made a motion for substitution. *See*

Dkt. Nos. 21-23. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 25(a)(1). *See* Dkt. No. 24 ("Motion"). For the reasons that follow, the Court grants the Motion.

## II. BACKGROUND

On June 18, 2024, Plaintiff Lisa Ribis filed suit against Defendants in New York Supreme Court asserting claims pursuant to 42 U.S.C. § 1983 and New York Civil Service Law § 75-b. Dkt No. 2. More specifically, Plaintiff asserted claims for violations of her First Amendment rights and New York law based on alleged adverse actions taken against her by Defendants because of the speech of her husband at a Saratoga Springs City Council meeting. *Id.* On July 18, 2024, Defendants removed the case to the Northern District of New York. Dkt. No. 1. On September 13, 2024, Defendants filed a partial motion to dismiss as to Plaintiff's New York Civil Service Law § 75-b cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. The Court granted Defendants' partial motion to dismiss on September 16, 2025. Dkt. No. 19.

On September 22, 2025, Defendants notified the Court that Plaintiff had passed on April 4, 2025, and, with the consent of Plaintiff's counsel, requested a stay of all deadlines. Dkt. No. 21 ("Notice of Death"). On September 29, 2025, the Court granted the stay request and informed the parties that a motion for substitution in accordance with Federal Rule of Civil Procedure 25(a)(1) must be made by December 22, 2025 or the action must be dismissed. Dkt. Nos. 22, 23. Plaintiff's counsel did not file a motion for substitution, and accordingly Defendants filed the Motion on January 30, 2026. Dkt No. 24. Plaintiff's counsel did not respond to the Motion.

## III. STANDARD OF REVIEW

Pursuant to Rule 25(a)(1):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the

> decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). The Court may grant an extension on the motion "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

## IV. DISCUSSION

Defendants filed the Notice of Death nearly one year ago. Dkt. No. 21. Since that time, Plaintiff's counsel has not filed a motion for substitution or a request for an extension of time to do so. As such, the ninety-day period provided by Rule 25(a)(1) to file such a motion has long since expired. *See generally Kotler v. Jubert*, 986 F.3d 147 (2d Cir. 2021) (discussing relevant principles and affirming dismissal of claim for failure to timely file a motion for substitution). Additionally, Plaintiff's counsel has not opposed the Motion and the deadline by which to do so has expired. Therefore, the Court grants the Motion and dismisses the action.

## V. CONCLUSION

Accordingly, the Court hereby:

**ORDERS** that Defendants' Motion to Dismiss, Dkt. No. 24, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 2, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk shall close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 19, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge